Byrant, Sheriff, v. Johnson.

mortgage, Mrs. Sweney has priority over the Huber company, and her last claim is good against the assignee and creditors. And this having been the judgment of the common pleas court, that judgment will be affirmed.

---

## INSOLVENCY OF A FOREIGN CORPORATION.

'Wood Circuit Court, April Term, 1896.]

Haynes, Scribner and King, JJ.

BYRANT, SHERIFF, v. JOHNSON.

RIGHTS OF CREDITORS TO PROPERTY OF AN INSOLVENT CORPORATION.

A foreign corporation doing business in Ohio, becoming insolvent, makes a conveyance of all its property in this state to one person, who takes the property subject to the trust placed upon it by law, and subject to the right of the creditors to have such property subjected to the equal payment of all the creditors of the firm, and such person has the right to hold such property as against a judgment creditor.

HAYNES, J. (orally).

The petition in this case is presented to reverse the judgment of the court of common pleas in a case of replevin.

The facts are, there was a corporation existing in the state of Pennsylvania known as The High Explosive Company, engaged in the business of shooting oil wells and also owning certain material, shooting outfits and equipment.

This company carried on business in Pennsylvania, Ohio and Indiana. On a certain day they became insolvent and took steps in the state of Pennsylvania to make a conveyance to one William Johnson of all their property in Ohio and Indiana. Johnson took possession of the property in Ohio and thereupon certain creditors of the concern having obtained a judgment against it caused a levy to be made by William B. Byrant as sheriff upon the property in question in the hands of Johnson as the property of the corporation.

That afterwards the property was replevined from the sheriff. A trial was had and judgment rendered in favor of Johnson. The question submitted to us on this state of facts is, inasmuch as the corporation was insolvent, and known to be such, whether trustees of the corporation had any authority whatever to transfer this property to Johnson in payment upon a precedent debt, assuming as it is claimed that under the decision in *Rouse, Trustee,* v. *Merchant's National Bank* that the transfer was void and that the property belonged to the corporation notwithstanding the alleged transfer to Johnson.

The corporation is a Pennsylvania corporation; the transfer was made in Pennsylvania, and while the law of Pennsylvania is not shown us, it is assumed the law of Pennsylvania is the same as the law of Ohio, and the law of Ohio would govern as to the transfer of the property lying in the state of Ohio.

Now the case of *Rouse, Trustee,* v. *Merchants' National Bank* is too lengthy to be read here, but the syllabus which is found in the 46th Ohio State Reports at page 493, reads as follows: "A corporation for profit organized under the laws of this state, after it has become insolvent and ceased to prosecute the objects for which it was created, cannot, by giving

some of its creditors mortgages on the corporate property to secure antecedent debts without other consideration, create valid preferences in their behalf over other creditors, or over a general assignment thereafter made for the benefit of creditors."

The court in a very lengthy and learned opinion established by authority and by principle the fact that the trustees of a corporation created for profit hold the property in trust, and that they hold it in trust for the creditors, and especially when the corporation becomes insolvent do they hold it in trust for the creditors, and they cannot without fault undertake to prefer one creditor over another, because holding it for all the creditors they hold it upon the principle of equity which requires that it shall be sold and the proceeds applied for the equal benefit of all the creditors.

Now assuming that to be the law and the position occupied by these trustees it follows that the preference to Johnson would be invalid. The contention of counsel is that this transfer is void and that the property still remains the property of the corporation, and it still remaining the property of the corporation, he has a right to levy upon that property and subject it to the payment of this judgment. We are unable to agree with counsel in that respect. We see nothing in this decision to hold that that transfer is void. It is voidable but not void.

More properly speaking, Johnson takes that property subject to the trust placed upon it by law; subject to the right of the creditors to have that property subjected to the equal payment of all the creditors of the firm. Possibly he takes it in such a way that the provisions of section 6344 of the Revised Statutes would reach it. But if we were to allow the claim of the plaintiff we would be found in this position; that while Johnson could not take the claim of plaintiff in payment of the debt yet another creditor might take the whole property in payment of *his* debt, because he takes it by the operation of a judgment and levy.

That is, if we find this case in favor of Bryant, sheriff, we would simply turn the property over from one creditor to another and thus defeat all the other creditors from receiving any portion of the same on their claims.

We therefore hold, as between these parties Johnson and the judgment creditor, that Johnson had a right to hold this property, and he had the right to hold his judgment, if he ever had one, in the court of common pleas.

Under our view the proper way to have reached this would have been to have invoked the power of a court of chancery in aid of the trust.

The judgment of the court of common pleas will therefore be affirmed.

*Geo. H. Phelps*, Attorney for Plaintiff

*Albert Zugschwert*, Attorney for Defendant.